9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 8 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE: PETITION OF MARY OLVERA § <br> Individually and as Next Friend of IRIS § <br> DENISE OLVERA, DEBBIE MICHELLE § <br> OLVERA, and JACLYN OLVERA § <br> MINOR CHILDREN § <br>  § <br> VS. § <br>  § <br> CITY OF BROWNSVILLE, BROWNSVILLE § <br> POLICE DEPARTMENT, CAMERON § <br> COUNTY SHERIFF'S DEPT., COUNTY § <br> OF CAMERON, PETE DOMINGUEZ, § <br> Indiv. And in his official capacity as Policeman § <br> JUAN SALINAS, Indiv. And in his § <br> Official capacity as Policeman, JUAN JOSE § <br> TREVIÑO, Indiv. and in his official capacity § <br> as Policeman, JOHN DOES ONE § <br> through FOUR § | CIVIL ACTION NO. B-00-172 <br> (JURY REQUESTED) |

## MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Petitioner, MARY OLVERA, and, pursuant to 28 U.S.C. §1447(c), moves this Court for an Order remanding this action to the 107th Judicial District Court of Cameron County, Texas, on the grounds that removal was improperly made because this Court lacks jurisdiction over the subject matter of the state court proceeding.

I.

## HISTORY

On October 27, 2000, Petitioner filed her *Petition to Perpetuate Testimony and Evidence, Application for Ex Parte Temporary Restraining Order and Request for Temporary Orders* in the 107th District Court of Cameron County, Texas. The petition

282242.1

states, *inter alia*, that counsel has been retained to **investigate** potential claims for negligence, wrongful death, intentional infliction of emotional distress and 1983 Civil Rights violations. The petition seeks injunctive relief and leave to conduct pre-suit discovery. On November 2, 2000, Respondents removed the proceeding to the United States District Court on the grounds that the petition gives rise to federal question jurisdiction.

II.

## GROUNDS FOR REMAND AND LEGAL AUTHORITIES

Petitioner would show that removal of this proceeding to Federal Court was improper because this Court lacks subject matter jurisdiction. At the time of removal, Petitioner's pleadings sought nothing more than the preservation of relevant evidence and the opportunity to conduct three pre-suit depositions, both of which are provided for by the laws of the State of Texas. See Rule 202 and Rule 680, *et. seq.*, Texas Rules of Civil Procedure.

Federal courts are courts of limited jurisdiction by origin and design and, as such, they have no inherent subject matter jurisdiction. See <u>Oliver v. Trunkline Gas Co.</u>, 689 F.2d 341 (5th Cir. 1986). Accordingly, there is an initial presumption that federal courts lack subject matter jurisdiction to resolve a particular suit and the burden of establishing the jurisdiction rests upon the party asserting it. See <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). Put another way, unless evidence to the contrary appears affirmatively from the record, federal courts are presumed to be without jurisdiction. See <u>Oliver</u>, 689 F.2d at 343.

2

282242.1

The presence or absence of a federal question is governed by the "well pleaded complaint rule", which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.  *See* <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 475 (1998).  *Also see* <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (stating existence of federal question is determined from the face of the complaint).  Implicit in these cases is the common sense notion that a case cannot be removed on federal question grounds until a complaint is filed that reveals the existence of a federal question.  To hold otherwise would have the effect of depriving Plaintiff of his right to choose the forum before he has even determined what his causes of action will be.  *See* <u>Caterpillar, Inc.</u>, 482 U.S. at 392 (stating Plaintiff has the right to choose the forum).  *Also see* <u>The Fair v. Kohler Die Co.</u>, 228 U.S. 22, 25 (1913) (stating Plaintiff is the master of his claim and may decide what law upon which to rely).  Furthermore, the Defendant's right to remove is not equal to the Plaintiff's right to chose the forum, and uncertainties must be resolved in favor of remand.  *See* <u>Marathon Oil Co. v. Ruhrgas</u>, 145 F.3d 211, 219 n. 11 (5th Cir. 1998).

The Court is without jurisdiction in the matter before it because no action involving a federal question has of yet been filed.  Rule 3 of the Federal Rules of Civil Procedure clearly states that "[A] civil action is commenced by filing a complaint with the court."  *See also* <u>Application of the Royal Bank of Canada</u>, 33 F.R.D. 296 (S.D.N.Y. 1963). The fact that Petitioner's ongoing investigation may eventually lead to the filing of a civil rights action under 42 U.S.C. §1983 is not sufficient to raise a federal question at this time.

3

The issue of the appropriate time to remove a case on the grounds of federal question was recently addressed by the United States District Court for the Northern District of Illinois in London v. Accufix Research Institute, Inc., 953 F.Supp. 255 (N.D.Ill. 2000). In London, a potential plaintiff filed an emergency motion for an order of protection and disclosure in the Circuit Court of Cook County, Illinois. Like the present petition, the motion in London sought the preservation of evidence prior to filing suit. The respondent removed the action to federal court on diversity grounds, claiming that the motion demonstrated an intention to file a lawsuit. The United States District Court determined that the motion was not an initial pleading upon which removal may be based. The court held that the removal had been premature and remanded the case to the state court.

Another case dealing with this issue is Sunbeam Television Corp. v. Columbia Broadcasting System, Inc., 694 F.Supp. 889 (S.D.Fla. 1988). In Sunbeam, a potential plaintiff filed a "bill of discovery" in the Florida state court in order to investigate its potential claim prior to filing suit. (This Florida pre-suit discovery procedure is also allowed under Texas law pursuant to Rule 202 of the Texas Rules of Civil Procedure. *See* comment 1, T.R.C.P. 202). The respondent in Sunbeam removed the matter to federal court on the basis of diversity and federal question jurisdiction. Again, the federal court determined that removal was premature and remanded the matter back to state court, holding that:

> [N]otwithstanding that the Plaintiff has alleged that it may seek recovery under federal antitrust statutes, the Court is of the opinion that the discovery contemplated by Florida law in the context of this Bill is far more narrow than that which the Plaintiff will ultimately require in a subsequent action for recovery

4

282242.1

under this theory, should the Plaintiff ultimately choose to assert it. Therefore, the Court is not persuaded by the Defendants' argument that the Florida proceeding will circumvent federal discovery limitations in the context of a cause of action exclusively a matter of federal jurisdiction.

The present complaint states an actual and present claim for discovery against the Defendants under state law. Subsequent to Remand, should the Plaintiff discover what it seeks, it may decide to file a federal claim. Not until then will this Court have subject matter jurisdiction over this proceeding. As a corollary, should the Plaintiff seek relief under federal law in state court, the Defendants shall have, at that time, the right to remove the action to federal court.

Sunbeam, 694 F.Supp. at 895.

### III.

### CONCLUSION

For the reasons set forth above, the removal of the state court proceeding was improper because this Court does not have jurisdiction over the subject matter of Petitioner's state court filing. Accordingly, this case should be remanded to the state district court from which it was removed.

WHEREFORE, PREMISES CONSIDERED, Petitioner, MARY OLVERA, prays that this Court enter an Order remanding the above proceeding to the 107th District Court of Cameron County, Texas, and for such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

JOE HERNANDEZ, JR.
State Bar No. 09517700
S.D.TX Adm. No. 15145

282242.1

Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, Texas 78212
Telephone No. (210) 731-6300
Telecopier No. (210) 731-6499


ANGELA P. NIX
State Bar No. 15037600
955 East Madison
Brownsville, Texas 78520
Telephone No. (956) 548-0521
Telecopier No. (956) 548-0522

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has, on December 8th, 2000, been served in accordance with the Federal Rules of Civil Procedure upon:

Mr. George C. Kraehe
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

_____
JOE HERNANDEZ, JR.

6

282242.1