13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JAN 17 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| IN RE: PETITION OF MARY OLVERA Individually and as Next Friend of IRIS DENISE OLVERA, DEBBIE MICHELLE OVERA, and JACLYN OLVERA, MINOR CHILDREN, § § § § § § § Plaintiff, § § VS. § § CITY OF BROWNSVILLE, § BROWNSVILLE POLICE § DEPARTMENT, CAMERON § COUNTY SHERIFF'S DEPT., § COUNTY OF CAMERON, PETE § DOMINGUEZ, Indiv. and in his § official capacity as Policeman JUAN § SALINAS, Indiv. and in his official § capacity as Policeman, JUAN JOSE § TREVINO, Indiv. and in his official § capacity as Policeman, JOHN DOES § ONE through FOUR, § § Defendants. § | | CIVIL ACTION NO. B-00-172 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Mary Olvera's Motion to Remand (Docket No. 9). For the reasons discussed below, it is recommended that Olvera' motion be granted.

## FACTUAL SUMMARY

The following factual summary is derived from a reading of the aforementioned motion and pleadings. On October 27, 2000, Olvera filed a Petition to Perpetuate Testimony and Evidence, Application for Ex Parte Temporary Restraining Order and Request for Temporary Orders in the

107th District Court of Cameron County, Texas. The petition states, inter alia, that counsel has been retained to investigate potential claims for negligence, wrongful death, intentional infliction of emotional distress, and § 1983 Civil Rights violations. The petition seeks injunctive relief and leave to conduct pre-suit discovery. On November 2, 2000, respondents removed the proceeding to the United States District Court on the grounds that the petition gives rise to federal question jurisdiction.

## STANDARD FOR REMAND

A civil action is removable only if plaintiffs could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *See Frederick & Warinner v. Lundgren*, 962 F.Supp. 1580, 1582 (D.Kan.1997) (*citing Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has original jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. *See J.W. Petroleum, Inc. v. R.W. Lange*, 787 F.Supp. 975, 977 (D.Kan.1992).

## DISCUSSION

In the instant case, removal of the proceeding to Federal Court was improper because the

Court lacks subject matter jurisdiction. At the time of removal, petitioner's pleadings sought nothing more than the preservation of relevant evidence and the opportunity to conduct three pre-suit depositions. State courts are competent forums to adjudicate these issues.

The presence or absence of a federal question is governed by the "well pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 492 U.S. 386, 392 (1987) (stating existence of federal question is determined from the face of the complaint).

Rule 3 of the Federal Rules of Civil Procedure clearly states that "[A] civil action is commenced by filing a complaint with the court." *See also Application of the Royal Bank of Canada*, 33 F.R.D. 296 (S.D.N.Y. 1963). Olvera's petition does not set forth what happened to her or the minor children; it does not explain what injuries were sustained; nor does it state what legal theories form the basis of her claims. The Court does not consider Olvera's petition, which seeks injunctive relief and leave to conduct pre-suit discovery, to be an initial pleading on which removal may be based. Accordingly, the Court is without jurisdiction in the present matter because no action involving a federal question has of yet been filed.

The fact that petitioner's ongoing investigation may eventually lead to the filing of a civil rights action under 42 U.S.C. § 1983 is not sufficient to raise a federal question at this time. *See, e.g., London v. Accufix Research Institute, Inc.*, 953 F.Supp. 255 (N.D.Ill. 2000); *Sunbeam Television Corp. v. Columbia Broadcasting System, Inc.*, 694 F.Supp. 889 (S.D.Fla. 1988). As it stands, the present complaint seeks relief under state law. Should further discovery lead petitioner to seek relief under 42 U.S.C. § 1983, the defendants shall have, at that time, the right to remove the action to federal court.

Defendants' attempt to remove this case to federal court is premature, and it is therefore **RECOMMENDED** that Olvera's Motion to Remand (Docket No. 9) be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of January, 2001.

John Wm. Black
United States Magistrate Judge